cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SUSAN SHALOV, | ) | Civil No.10cv0474 H (AJB) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | SCHEDULING ORDER |
| | ) | |
| MARK LANE; CAPITOL MOTION PICTURES, LLC; FULLY ATTIRED FILM GROUP, LLC; FULLY ATTIRED FILM GROUP, LP; FULL CIRCLE PRODUCTIONS, LP and DOES 1-50, inclusive, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Rule 16.1 of the Local Rules, a Case Management Conference was held on August 9, 2010. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

IT IS HEREBY ORDERED:

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be *filed* on or before *February 1, 2011*.

2. The parties must disclose the identity of their respective experts in writing by *January 10, 2011*. The date for the disclosure of the identity of rebuttal experts must be on or before *January 24, 2011*. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony. **The parties must identify <u>any</u>**

1 **person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 and 705,**
2 **respectively. This requirement is <u>not</u> limited to retained experts.**

3     3. On or before *March 1, 2011*, each party must comply with the disclosure provisions in
4 Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. **This disclosure requirement applies to all**
5 **persons retained or specifically employed to provide expert testimony or whose duties as an**
6 **employee of the part regularly involve the giving of expert testimony.**

7     4. Any party must supplement its disclosure regarding contradictory or rebuttal evidence
8 under Rule 26(a)(2)(c)on or before *April 1, 2011*.

9     5. **Please be advised that failure to comply with this section or any other discovery**
10 **order of the court may result in the sanctions provided for in Fed.R.Civ.P.37 including a prohibi-**
11 **tion on the introduction of experts or other designated matters in evidence.**

12     6. All fact discovery must be completed by all parties on or before *February 1, 2011*. All
13 expert discovery must be completed by all parties on or before *June 1, 2011*. "Completed" means that
14 all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under
15 Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, *so that it may be*
16 *completed* by the cut-off date, taking into account the times for service, notice and response as set forth
17 in the Federal Rules of Civil Procedure. Counsel must promptly and in good faith meet and confer with
18 regard to all discovery disputes in compliance with Local Rule 26.1.a. All discovery motions must be
19 filed within 30 days of the service of an objection, answer or response which becomes the subject of
20 dispute or the passage of a discovery due date without response or production, and only after counsel
21 have met and conferred and have reached impasse with regard to the particular issue. **A failure to**
22 **comply in this regard will result in a waiver of a parties discovery issue. Absent an order of the**
23 **court, no stipulation continuing or altering this requirement will be recognized by the court**

24     7. A Mandatory Settlement Conference must be conducted on *August 10, 2011* at *1:30 p.m.*
25 in the chambers of Magistrate Judge Anthony J. Battaglia. Counsel must submit settlement briefs
26 **directly** to chambers *(via e:mail at efile_battaglia@casd.uscourts.gov)* and serve copies on all counsel.
27 Plaintiff's brief must be submitted to chambers and served on all counsel no later than *July 27, 2011*.
28 Defendant's brief must be submitted to chambers and served on all counsel no later than *August 3, 2011*.

The briefs must set forth the party's statement of the case and the party's settlement position, including the last offer or demand made by that party and a separate statement of the offer or demand the party is prepared to make at the Settlement Conference. Settlement Conference briefs must not exceed ten (10) pages in length, and must *not* include exhibits or attachments.  Each party and claims adjusters for insured defendants, in addition to any other representatives with full authority to enter into a binding settlement[1], as well as the principal attorney (s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the Mandatory Settlement Conference. **Any special arrangements desired in cases where settlement authority rests with a governing body must be proposed in advance.**

> *Any request to continue the conference or request for relief from any of the provisions or requirements of this Order must be sought by a written ex parte application.  The application must be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested; confirm compliance with Civil Local Rule 26.1; and, report the position of opposing counsel or any unrepresented parties subject to the Order.*

> *If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written stipulation confirming the complete settlement of the case is submitted no less than 24 hours before the scheduled conference*.

8. All other pretrial motions must be filed on or before *July 1, 2011. (In intellectual property cases, this would include claims construction hearings.)* Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.

9. Counsel's requirement to file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1.f.2 is hereby waived.

---

[1] "Full authority to settle" means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int.'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the persons view of the case may be altered during the face to face conference. Pitman at 486.  A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

10. Counsel must comply with the Pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before *August 29, 2011*.

11. Counsel must meet and take the action required by Local Rule 16.1.f.4 on or before *September 7, 2011*.

12. Objections to Pre-trial disclosures must be filed no later than *September 12, 2011*.

13. The Proposed Final Pretrial Conference Order required by Local Rule 16.1.f.6 must be prepared, served, and lodged on or before *September 19, 2011*.

14. The final Pretrial Conference is scheduled on the calendar of **Judge Huff** on *September 26, 2011* at *10:30 a.m*.

15. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

16. The dates and times set forth herein will not be modified except for good cause shown.

17. Dates and times for hearings on motions should be approved by the Court's clerk before notice of hearing is served.

18. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district judge. No reply memorandum must exceed ten (10) pages without leave of a district judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

IT IS SO ORDERED.

DATED: August 9, 2010

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court