# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN SHALOV,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>MARK LANE; CAPITOL MOTION PICTURES, LLC; FULLY ATTIRED FILM GROUP, LP; FULL CIRCLE PRODUCTIONS, LP,<br><br>　　　　　　Defendants. | CASE NO. 10-CV-474 H (MDD)<br><br>**ORDER**<br><br>**(1) DENYING MOTION TO WITHDRAW; &**<br><br>**(2) DENYING MOTION TO CONTINUE** |

On September 12, 2011, Plaintiff's counsel, Bryan Pease, ("Counsel") filed a motion to withdraw as Plaintiff's counsel. (Doc. No. 30.) The parties also jointly moved for a continuance of the pre-trial conference, proposed order deadlines, and pre-trial disclosure deadlines in order to give Plaintiff an opportunity to seek other counsel or proceed *pro se*.[1] For the following reasons, the Court DENIES both motions.

Counsel alleges that he can no longer represent Plaintiff because Plaintiff owes Counsel more than $50,000 in unpaid legal fees. Further, Counsel contends that irreconcilable

---

[1] The parties' joint motion was not filed as a separate document but was instead included in Counsel's motion to withdraw. (See Doc. No. 30 at 1.)

1  differences arose when Plaintiff refused to accept Counsel's advice regarding how to handle
2  the case.
3        Despite these contentions, Counsel fails to cite any applicable law or statute permitting
4  his withdrawal.  Withdrawal as attorney is governed by the Rules of Professional Conduct of
5  the State Bar of California.  An attorney "shall not withdraw from employment until the
6  member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of
7  the client, including giving due notice to the client, [and] allowing time for employment of
8  other counsel."  Cal. R. Prof. Conduct 3-700(A)(2).  Counsel's motion does not indicate that
9  Plaintiff has retained new counsel or that Counsel has taken reasonable steps to avoid
10 reasonably foreseeable prejudice to Plaintiff.  Moreover, the pre-trial conference in this case
11 is scheduled for September 26, 2011.  Counsel's withdrawal two weeks before the pre-trial
12 conference hinders Plaintiff's ability to retain replacement counsel.  For these reasons, the
13 Court concludes that Counsel's withdrawal at this phase would create foreseeable prejudice
14 to Plaintiff.
15       Additionally, Counsel has not satisfied the procedural requirements for obtaining the
16 Court's leave to withdraw. Counsel failed to comply with Local Rule 7.1(f)(1), which requires
17 that each motion filed in this Court be accompanied by a separate document captioned
18 "Memorandum of Points and Authorities in support of [the motion]."  Moreover, Plaintiff
19 herself has a right to be heard in connection with the motion to withdraw.
20       Based on these procedural and substantive deficiencies, the Court DENIES Counsel's
21 motion to withdraw as Plaintiff's counsel.  The parties also jointly moved for a continuance
22 in order to give Plaintiff an opportunity to seek other counsel or proceed *pro se*.  Because the
23 Court denied Counsel's motion to withdraw, the parties' joint motion is moot.  Accordingly,
24 the Court DENIES the parties' joint motion for a continuance.
25 //
26 //
27 //
28 //

This denial is without prejudice.  Counsel may raise the matter further at the pre-trial conference.  If Counsel does intend to raise the matter at that time, Plaintiff should be present.

DATED:  September 14, 2011

_____
Hon. Mitchell D. Dembin
U.S. Magistrate Judge